Opinion issued September 30, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00708-CR

———————————

RONNIE CHARLES NUNN, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 155th District Court

Austin County, Texas



Trial Court Case No. 2008R-0028

 



MEMORANDUM OPINION

Appellant, Ronnie
Charles Nunn, pleaded no contest, pursuant to an agreed punishment
recommendation from the State, to the offense of evading arrest or detention using
a vehicle.  See Tex. Penal Code
Ann. § 38.04 (Vernon 2003). The
trial court assessed punishment at 13 years in prison with credit for 130 days
served, and payment of $1,991.45 in medical bills, of court appointed attorney’s
fees of $400.00, of court costs of $271.48, and of a crime stopper fee of
$50.00.  The trial court certified
appellant’s right to appeal its rulings on appellant’s pretrial motions, which
included his motion to dismiss the enhancement paragraphs, his motion to quash
and exception to the substance of the indictment, and his objection to the
state’s motion to amend the indictment. 

Appellant’s court-appointed counsel
has filed an Anders brief, in which he
states that there are no arguable grounds to support an appeal.  See
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  Appellant has filed a pro se response to his
counsel’s Anders brief in which he
asserts (1) that the trial court abused its discretion by allowing an amendment
to the indictment; (2) that the trial court failed to properly admonish him;
(3) that he knowingly, voluntarily, and intelligently waived his right to cross-examine
witnesses; (4) that the imposed punishment violated 311.031(b) of Texas
Government Code;[1] (5)
that the enhancement paragraphs were legally insufficient; (6) that the
indictment did not set forth and allege a crime sufficiently to put him on
notice; and (7) that the warrant and the arrest were unlawful.

We affirm the judgment and grant
appellant’s counsel’s motion to withdraw.

 

Anders Procedure

When we receive an Anders brief from a defendant’s
court-appointed attorney asserting that no arguable grounds for appeal exist,
we must determine that issue independently by conducting our own review of the
entire record.  Anders, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that
reviewing court and not counsel determines, after full examination of
proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  In conducting our review, we consider any pro
se response that the defendant files to his appointed counsel’s Anders brief. See Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

Our role in this Anders appeal is limited to determining
whether arguable grounds for appeal exist.  See id.
at 827.  If we determine that arguable
grounds for appeal exist, we must abate the appeal and remand the case to the
trial court to allow the court-appointed attorney to withdraw.  See id.  The trial court must then either appoint
another attorney to present all arguable grounds for appeal or, if the
defendant wishes, allow the defendant to proceed pro se.  See id.
 We do not rule on the ultimate merits of
the issues raised by appellant in his pro se response. See id. If we determine that there are arguable grounds for appeal,
appellant is entitled to have new counsel address the merits of the issues
raised.  See id.  “Only after the
issues have been briefed by new counsel may [we] address the merits of the
issues raised.”  Id.

If, on the other hand, we
determine, from our independent review of the entire record, that the appeal is
wholly frivolous, we may affirm the trial court’s judgment by issuing an
opinion in which we explain that we have reviewed the record and have found no
reversible error.  See id. at 826–27.  Although we may issue an opinion explaining
why the appeal lacks arguable merit, we are not required to do so.  See Garner v. State, 300 S.W.3d 763, 767
(Tex. Crim. App. 2009).  An appellant may
challenge a holding that there are no arguable grounds for appeal by filing a
petition for discretionary review in the Court of Criminal Appeals.  See
Bledsoe, 178 S.W.3d at 827 & n.6.

Analysis

In this case, the brief filed by
appellant’s counsel meets the minimum Anders
requirements by presenting a professional evaluation of the record and stating
why there are no arguable grounds for reversal on appeal.  See
Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Appellant’s counsel indicates that he has
thoroughly reviewed the record.  Based on
this review, counsel states that he “has found no arguable points of error to
raise in an appellate brief in this cause.”  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.). In his Anders brief, counsel discusses the
pre-trial proceedings, supplies us with references to the record, and provides
us with citation to legal authorities.  Cf. High v. State, 573 S.W.2d 807, 811
(Tex. Crim. App. 1978) (explaining necessary work product of effective advocate
in appellate process).  The brief also
reflects that counsel delivered a copy of the brief to appellant and informed
him of his right to file a response, which appellant has done.  See
Stafford, 813 S.W.2d at 510.

We have reviewed counsel’s brief
and appellant’s pro se response, and we have conducted an independent
examination of the record.  See Anders, 386 U.S. at 744, 97 S. Ct.
at 1400; Bledsoe, 178 S.W.2d 826–27; Mitchell,
193 S.W.3d at 155. Based on this review, we conclude that no reversible error
exists in the record and that the appeal is wholly frivolous.

 

 

 

 

 

 

 

 

 

Conclusion

We affirm the judgment of the trial
court and grant appointed counsel’s motion to withdraw.[2]

 

PER
CURIAM

 

Panel
consists of Chief Justice Radack and Justices Massengale and Mirabal.[3]

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           Tex.
Gov’t Code Ann. § 311.031(b) (Vernon
2005).





[2]           Appointed counsel has a duty to inform
appellant of the result of this appeal and that he may, on his own, pursue
discretionary review in the Court of Criminal Appeals. See Bledsoe v. State, 178 S.W.3d 824, 827 & n.6 (Tex. Crim.
App. 2005); Ex Parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens
v. State, 35 S.W.3d 770, 771-72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

 





[3]           The Honorable Margaret Garner Mirabal,
Senior Justice, Court of Appeals for the First District of Texas, participating
by assignment.